# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-50386

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Arredondo,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-432-1

———————————————————————

Before Smith, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Anthony Arredondo pled guilty of possessing a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). The predicate felony was his 2008 robbery conviction under Texas law. *See* Tex. Penal Code § 29.02. The appeal waiver in Arredondo's plea agreement reserved his right to challenge the constitutionality of § 922(g)(1). As he did in the district court, Arredondo now presses such a challenge on appeal, arguing

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that § 922(g)(1) is unconstitutional, both facially and as-applied, under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

Arredondo concedes his facial challenge is foreclosed by our decision in *United States v. Diaz*, 116 F.4th 459 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625). But he contends that *Diaz* does not foreclose his as-applied challenge because that decision considered the predicate felony of Texas vehicle theft, *see id.* at 468–69, and not robbery.

Whatever merit Arredondo's as-applied challenge might have had, it too is now foreclosed by our precedent, as the Government asserts. In a published opinion, our court recently held that *Diaz* also forecloses an as-applied challenge to § 922(g)(1) when the defendant's predicate felonies were, *inter alia*, robbery and burglary. *See United States v. Schnur*, 132 F.4th 863, 870–71 (5th Cir. 2025)[1]; *see also United States v. Collette*, No. 22-51062, 2024 WL 4457462, at *2 (5th Cir. Oct. 10, 2024) (per curiam) (unpublished) (applying *Diaz* to foreclose as-applied challenge where defendant's predicate felony was theft); *United States v. Charles*, No. 23-50131, 2025 WL 416092, at *1 (5th Cir. Feb. 6, 2025) (per curiam) (unpublished) (same).

AFFIRMED.

---

[1] In *Schnur*, the defendant was convicted under an Illinois robbery statute substantively indistinguishable from the Texas robbery statute at issue here. *See* 720 Ill. Comp. Stat. Ann. 5/18-1 ("A person commits robbery when he or she knowingly takes property . . . from the person or presence of another by the use of force or by threatening the imminent use of force."); *compare* Tex. Penal Code § 29.02(a) ("A person commits an offense if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another;  or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.").